The Parsons Manufacturing Company executed a mortgage on its manufacturing plant to the complainants, in trust, to secure the payment of all the debts of the company, in pursuance of a composition agreement approved by the bankruptcy court. The trustees went into possession of the *Page 524 
mortgaged premises and operated the plant and paid the larger part of the debts out of the income and realized the balance out of the proceeds of the sale of the mortgaged premises under foreclosure of their mortgage. There is a surplus of $7,500 which has been paid into court. This represents the equity of redemption and belongs to the company, and would have been ordererd paid to it in the ordinary course, except for the claims made upon it by the trustees and their counsel for compensation for their services.
The trustees agreed to act for three years without charge, but they labored nearly six years and liquidated several hundred thousand dollars of debts during the overtime for which they ask remuneration. If they are entitled to be compensated it is difficult to see upon what theory the company or its funds can be held accountable. The trust was strictly inter-parties and contractual. The company pledged its property to its creditors to pay its debts, and instead of making the mortgage to each creditor individually, pro tanto, it was, for convenience, executed to trustees for them. The estate conveyed by the mortgage was limited to the sum total of the debts, and, by implication, the necessary expenses of realizing the debts, and, when these were satisfied, the trustees' estate in the mortgaged premises terminated. In discharging the duties imposed upon them by the mortgage the trustees represented the creditors, not the company. The company did not obligate itself to pay them, and no duty rests upon it to do so. The trust is not within the judicial administration of this court. The fund is accidentally in its hand in the foreclosure suit, and, as the trustees have no claim upon it, it will be paid to the company, less the following administration expenses.
The trustees were put to an expense of $865 for which they have not been reimbursed. There is no objection to payment.
The trustees employed counsel, as they had the right to do, who advised them over a long period of years, and appeared for them in some litigation, for which he is entitled to compensation. That was a proper administration expense. He will be allowed $1,000. *Page 525